IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-7-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| IBRAHIMA DIALLO, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. In the morning session of the hearing, the government presented the testimony of an agent with the United States Secret Service. In the afternoon session, defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a four-count indictment on 3 January 2013 with: possession of 15 or more unauthorized access devices beginning at a time unknown, but no later than 28 December 2011, and continuing through 29 December 2011 in violation of 18 U.S.C. § 1029(a)(3) (ct. 1); possession of device making equipment on or about 28 December 2011 (ct. 2) and on or about 29 December 2011 (ct. 3) in violation of 18 U.S.C. § 1029(a)(4); and aggravated identity theft beginning at a time unknown, but no later than 28 December 2011, and

continuing through 29 December 2011 in violation of 18 U.S.C. § 1028A(a)(1). The evidence presented at the hearing showed that the charges arise from a search of a residence in Raleigh on 28 December 2011.

Police went to the residence in response to a complaint of domestic violence and larceny by a woman other than defendant's wife who had apparently gone out with him. Defendant and seven other people, including a juvenile, were present in the residence, where there was a strong odor of marijuana. Many of the people, including defendant, spoke in heavily accented English.

Police located in the home 196 gift or credit cards, 14 cell phones, a magnetic encoder/reader, a computer, 7 cartons of cigarettes, and marijuana. Nobody claimed ownership of this property. A jacket defendant identified as his contained seven cards, five of which were fraudulent. At least one had encoded on it the account information for another actual person. A resident of the home reported that defendant came and went from it frequently and met with the leaseholder in the residence. The computer was subsequently found to contain more than 270 fraudulent account numbers, encoding software, photographs of defendant and his family, and a receipt for the rental of another apartment in defendant's name.

There was also located in the residence a paper receipt for a storage unit in Raleigh in defendant's name. Execution of a search warrant at the storage unit the following day yielded a large box with several hundred cartons of cigarettes, two pistols, another card encoder, and two fraudulent cards.

The testifying agent reported that defendant is believed to be part of a conspiracy among Africans in the United States and others dating back to 2010 in which fraudulent cards are used to purchase cigarettes in North Carolina and certain other states and the contraband cigarettes are

transported for sale to New York. Defendant is a former resident of New York, and apparently travelled there frequently on weekends for the stated purpose of driving a cab.

Defendant is a citizen of the Republic of Guinea. He entered the United States on a visitor visa and subsequently obtained a student visa. It appears, however, that he is no longer in the United States lawfully, there are pending removal proceedings against him, and he is subject to a detainer from the Immigration and Custom Enforcement ("ICE"). He has applied for asylum in the United States.

Defendant has been in custody since December 2011, pursuant to either pending North Carolina state charges against him arising from the above-referenced conduct or the removal proceedings.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the fraud-related nature of the offenses charged; the circumstances of the offenses charged, including the scale of the scheme in which defendant is allegedly involved and the potential sentence defendant could receive if convicted; the apparent ability of defendant to finance his flight by continuation of his access device fraud; defendant's immigration status; defendant's lack of longstanding ties to this district (having moved here two years ago); defendant's ties to New York and, through family, to Guinea and France (where two of his siblings live); the pendency of an ICE detainer against defendant; the pending state charges against defendant; the potential assertion of additional federal charges against defendant for possession of firearms by an illegal alien; the prospect defendant faces of an extended prison term followed by deportation; the unsuitability of the proposed third-party custodial arrangement

3

due to the apparent ability of defendant to secrete his illicit activities from the proposed custodian, the seemingly unstable status of the relationship between defendant and the proposed custodian, the lack of credibility in portions of the proposed custodian's testimony, the presence of five minors in the proposed custodial home, and the extent of the risk of flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of March 2013.

_____
James E. Gates
United States Magistrate Judge